STATE, MICHAEL A. CORRIGAN ET AL., PROSECUTORS, v. PHILIP DURYEA, COLLECTOR OF NORTH BERGEN.

1. If a person is elected district clerk of a school district, and acts as such clerk, the fact that he does not reside within the district cannot be inquired into on *certiorari* to set aside the school tax.

2. The voters, at their meeting, must decide how the sum ordered to be raised for school purposes shall be apportioned, and the certificate of the district clerk must show that the apportionment was made by the voters.

3. Under the act of April 4th, 1872, (*Pamph. L.*, 1872, *p.* 1182,) Corrigan can claim no exemption for land to which he holds the title.

On *certiorari.*

Argued at February Term, 1878, before Justices VAN SYCKEL, DIXON and REED.

For the plaintiffs, *James Flemming*.

For the defendant, *John C. Besson*.

The opinion of the court was delivered by

VAN SYCKEL, J. The first question presented in this case is whether the special school tax is legally assessed.

This tax was ordered to be raised by the inhabitants of the district, at a regular meeting held pursuant to the direction of section eighty six of the school law. An attempt is made to show that the district clerk who signed the notice was not at the time a resident of the district. The evidence does not satisfactorily establish that fact, and if it did, he was clerk *de facto*, and therefore the place of his residence cannot be inquired into in this proceeding.

The voters of the district, at their meeting, authorized the trustees to build an addition to the school-house, and buy furniture, and buy or lease two lots of ground adjoining the school-house, and ordered the sum of $2100 to be raised by taxation for said purposes.

It was the duty of the voters to declare how this sum should be apportioned among the various objects to which it was to be devoted, but this does not appear to have been done.

The district clerk, in his certificate, directs how it shall be distributed, without showing that he had any authority from the voters to do so.

This case cannot be distinguished from *State, Banghart, pros.*, v. *Sullivan, Collector*, 7 *Vroom* 89, and therefore this school tax must be set aside.

In the second place, it is claimed that twenty acres of land assessed to Michael Corrigan are exempt from taxation, under the act entitled "An act to incorporate the Hudson County Catholic Protectory," approved April 4th, 1872. *Pamph. L.*, 1872, *p.* 1182.

The fifth section provides that the property and effects of the said corporation, held and used for the purposes contemplated by the act, shall be exempt from the imposition of any tax, provided the number of acres shall not exceed twenty.

It appears in evidence that the land in question does not belong to the corporation, but to Michael A. Corrigan, the prosecutor. He holds the legal title, and can, therefore, claim no exemption under the legislative act.

It appears in the case that twenty acres of land were added to the assessment against Corrigan by the commissioners of appeal, without notice to him. This was illegal, and in that respect the assessment must be corrected.

In the third place, in the case of Evans, Stewart and Howell, it appears that they are assessed for more acres of land than they owned.

It does not distinctly appear that the tract of land which they owned was not worth, at a fair valuation, the sum for which they were assessed, and inasmuch as they failed to apply to the commissioners of appeal for relief, the assessment should not be disturbed.

The remaining objection to the assessment is not well taken.